Paul PALMIERI, Plaintiff–Appellant,

v.

TOWN OF BABYLON, Richard Schaffer, Francine Brown, Steve Bellone, Ellen McVeety, Wayne Horsley, Norma Varley, Deborah Heinz, Maryann Leary, Lynn Bizzaro, Peter Casserly, Camille Lucarini, Lori Forte, Dorothy Newman, Frank J. Alberti, Dennis Cohen, Town of Babylon and Richard Schaffer, c/o Town of Babylon 200 East Sunrise Highway Lindenhurts, N.Y. 11767, Defendants–Appellees.

Nos. 06–4405–cv (L), 07–0541–cv (CON).

United States Court of Appeals,
Second Circuit.

May 7, 2008.

Paul Palmieri, Babylon, NY, Pro Se, for Plaintiff–Appellant.

Geoffrey H. Pforr, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, Smithtown, NY, for Defendants–Appellees.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, JOHN GLEESON,[1] District Judge.

## SUMMARY ORDER

On January 6, 2006, 2006 WL 1155162, the Honorable Sterling Johnson, of the Eastern District of New York, granted defendants-appellees' motion for summary judgment. In his decision and order, Judge Johnson granted summary judgment to the Town of Babylon (the "Town") and Schaffer, and further found that plaintiff had not established that he properly obtained jurisdiction with regard to appellees Town Board, Brown, Bellone, McVeety, Horsley, Varley, Heinz, Leary, Bizzaro, Casserly, Newman, Alberti, and Cohen. The district court gave plaintiff sixty days to effectuate proper service upon all the appellees; because plaintiff failed to effectuate such service, the district court subsequently dismissed the actions against all defendants other than the Town and Schaffer pursuant to a March 14, 2006 order.

Much of this case involved undisputed material facts. On or about June 6, 1978, the Town adopted Local Law No. 3–1978 (the "Rental Permit Law" or "RPL"), which requires property owners to obtain a rental permit for any non-owner-occupied rental unit regardless of whether or not rent is paid. The RPL requires that an owner seeking to obtain a rental permit apply in writing to the Town's Building Inspector and provide certification that the subject property complies "with all the provisions of the Code of the Town of Babylon, the laws and sanitary and housing regulations of the County of Suffolk and the laws of the State of New York." RPL §§ 153–3, 153–6. On January 16, 1980, the Building Department of the Town issued a Certificate of Occupancy for real property located at 396/398 Vespucci Avenue in Copiague, New York (the "Property"), permitting it to be a two-family dwelling and stating that the Property was at that time in compliance with "the requirements of the Building Zone Ordinance and Building Code of the Town of Babylon." In the early 1980s, after the Certificate of Occupancy was issued, plaintiff purchased the Property. During his ownership of the Property, plaintiff rented it out to various tenants, despite not having applied for or obtained the necessary rental permit for the Property. The Town commenced criminal proceedings against plaintiff for this matter, and the proceedings were eventually terminated in plain-

---

1. Hon. John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

tiff's favor. Plaintiff subsequently sold the Property in 1999.

On December 11, 2002, plaintiff filed an amended complaint alleging nine causes of action under state and federal laws. This appeal follows the district court's grant of summary judgment on all counts in favor of the Town and Schaffer, and the dismissal of the action as to the remaining appellees.

Plaintiff appeals from the district court's order on numerous grounds. He argues that 1) plaintiff's service of process was sufficient to grant the district court *in personam* jurisdiction, and 2) summary judgment in favor of the defendants should not have been granted because his complaint sufficiently pleads multiple claims upon which relief can be granted. Regarding the summary judgment determination, he argues that the RPL 1) violates the Fourth Amendment of the U.S. Constitution and Article I, Section 12 of the New York State Constitution, 2) is an impermissible and unconstitutional ex post facto law, 3) violates the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and Article I, Section 6 of the New York State Constitution, 4) violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and Article I, Section 11 of the New York State Constitution, 5) is an impermissible taking of private property in violation of the Fifth Amendment of the U.S. Constitution and Article I, Section 7 of the New York State Constitution, 6) violates the Federal Fair Housing Act, and 7) impermissibly restricts the plaintiff's rights under the First Amendment. Because the denial of plaintiff's motion for default judgment was within the district court's discretion, and because we agree that the district court correctly analyzed the issues for defendant's motion for summary judgment, we affirm the district court.

■ First, plaintiff's appeal from the district court's denial of his motion for default judgment is unavailing. We have repeatedly noted that " '[t]he dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court,' " *Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2d Cir.1999) (ellipsis in original) (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993)), and have made known our "preference for resolving disputes on the merits," *Enron,* 10 F.3d at 95. In the context of a motion to set aside a default under Rule 55(c), courts must assess "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented," *id.* at 96, as well as "[o]ther relevant equitable factors" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result," *id.* Similar factors counsel in favor of affirming the district court's decision to deny the motion for default judgment in this case. In light of the defaulting defendants' apparent good-faith belief that they were not properly served and the lack of merit of plaintiff's underlying claims, it was not an abuse of discretion for the district court to resolve against plaintiff the doubts as to whether service on the individual defendants complied with N.Y. C.P.L.R. 308, and whether service on the Town Board of Babylon took place at all. To the extent that the district court did not explicitly mention these factors in its decision denying plaintiff's motion for a default judgment, it would be pointless to remand, as a resolution on the merits is plainly appropriate in this case.

Second, "[w]e review de novo the district court's grant of summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law. It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004) (citations and internal quotation marks omitted) (ellipsis in original). First, as to plaintiff's Fourth Amendment argument, the subject RPL has already been challenged as violating the constitutional prohibition against warrantless searches and has been declared constitutional on its face by the New York State Court of Appeals. *See Pashcow v. Town of Babylon*, 53 N.Y.2d 687, 688, 439 N.Y.S.2d 103, 421 N.E.2d 498 (1981). We see no reason to disagree with the Court of Appeals' analysis on this issue.[2] Second, "the ex post facto doctrine is one of the Constitution's several protections against retroactive application of legislation." *Sash v. Zenk*, 439 F.3d 61, 63 (2d Cir. 2006). "[T]o fall within the ex post facto prohibition, two critical elements must be present: first, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it." *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (U.S. 1987) (internal quotation marks omitted). We again see no reason to disagree with

the district court's finding that the RPL did not "suddenly subject landlords to criminal prosecution for innocent acts that had occurred prior to the law's enactment" or "alter criminal penalties retroactively." We agree with the district court that what subjected plaintiff to criminal prosecution under the RPL was not retroactive application of the law, but rather, his refusal to comply with the RPL despite the fact that the law was passed before he purchased the Property and began renting it out. Third, plaintiff appeals the district court's dismissal of his due process claims. We agree with the district court that plaintiff did not have standing to bring such claims, because he failed to "show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). Again, he purchased the Property after the RPL was passed, had notice of the requirements of the RPL, and failed to comply with them. It was his voluntary failure to comply with the RPL that caused his injury, not the RPL itself. We further agree with the district court that even if plaintiff had standing to bring such a claim, he failed to demonstrate that the state deprived him of his property right without due process. *See Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir.1990) ("In order for a person to establish that the state has deprived him of property without due pro-

---

**2.** Plaintiff raises an issue of fact as to whether the Town has a policy of requiring inspection by a town inspector before issuing a permit. Deposition of Norma Varley, June 15, 2004, at 63–64. This policy, if found to exist, would be at odds with the RPL, which allows an applicant to submit a certification from a licensed architect or engineer in place of an inspection by a town inspector. RPL § 153–6(B). However, plaintiff has no standing to challenge the constitutionality of this policy due to his failure either to seek a permit or to

establish that it would have been futile to do so. *See, e.g., Prayze FM v. FCC*, 214 F.3d 245, 251 (2d Cir.2000) ("As a general rule, to establish standing to challenge an allegedly unconstitutional policy, a plaintiff must submit to the challenged policy. This threshold requirement for standing may be excused only where a plaintiff makes a substantial showing that application for the benefit would have been futile." (citation, internal quotation marks, and ellipsis omitted)).

cess, he must first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process."). As for plaintiff's contentions that the RPL effects an impermissible taking in violation of the Takings Clause, that claim is not ripe because plaintiff has not yet exhausted his state judicial remedies. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Finally, we agree with the district court's analysis that the regulations of the town do not violate the Equal Protection Clause or the First Amendment, and further that the plaintiff's Fair Housing Act claims lack merit.

For the foregoing reasons, we AFFIRM the decision of the district court.