Wisoff v. City of Schenectady

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand sixteen.

PRESENT:
  **AMALYA L. KEARSE,**
  **RAYMOND J. LOHIER, JR.,**
  **CHRISTOPHER F. DRONEY,**
   *Circuit Judges.*
_____

**Andrew E. Wisoff,**

 *Plaintiff-Counter-Defendant - Appellant*,

  **v.**               **No. 15-3836**

**City of Schenectady, New York,**

 *Defendant-Counter-Claimant - Appellee*.
_____

**FOR APPELLANT:**    Andrew E. Wisoff, *pro se*, Schenectady, New York.

**FOR APPELLEE:**    Carl G. Falotico & Ryan P. Bailey, Corporation Counsel for the City of Schenectady, Schenectady, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Andrew Wisoff, <u>pro se</u>, appeals from the grant of summary judgment by the United States District Court for the Northern District of New York (Mordue, <u>J.</u>) in favor of the City of Schenectady on his Fourth Amendment challenge to the validity of the City's rental certificate ordinance ("RCO"). The RCO generally prohibits owners from renting property without a rental certificate, which can be issued pursuant only to an inspection of the property by a building inspector; a temporary certificate may be obtained upon the owner's submission of an affidavit of compliance with the RCO if the inspector is unable to inspect the premises within five business days of the owner's application. The RCO authorizes municipal employees to conduct inspections either with the consent of the owners or, absent consent, pursuant to a search warrant. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review <u>de novo</u> a district court's grant of summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Sousa v. Marquez</u>, 702 F.3d 124, 127 (2d Cir. 2012) (quotation marks omitted). Upon review, we conclude that the District Court properly granted summary judgment to the City of Schenectady. We therefore affirm for substantially the reasons stated by the District Court in its decision of October 28, 2015. <u>See generally</u> <u>Marshall v. Barlow's, Inc.</u>, 436 U.S. 307, 320-21, 323 (1978) ("[p]robable cause in the criminal law sense is not required[ f]or purposes of an administrative search" pursuant to a warrant that is "authorized by statute" and issued "pursuant to an administrative plan containing specific neutral criteria").

We have considered all of Wisoff's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk