Mamakos v. Town of Huntington

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of March, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
                    REENA RAGGI,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges*.

_____

JEAN MAMAKOS, CITIZENS FOR FAIR HOUSING, INC.,

*Plaintiffs-Appellants*,

v.                                                                      17-2318

TOWN OF HUNTINGTON; HUNTINGTON TOWN BOARD, comprised of FRANK P. PETRONE, Supervisor, and MARK CUTHBERSON, SUSAN A. BERLAND, EUGENE COOK, and TRACEY A. EDWARDS, of the Town of Huntington, in their capacity as Councilmen; JOSEPH ROSE, Interim Director of the Department of Public Safety of the Town of Huntington in his official capacity; DEPARTMENT OF PUBLIC SAFETY OF THE TOWN OF HUNTINGTON; TERRANCE MCNALLY, Fire Marshal of the Town of Huntington in his official capacity,

*Defendants-Appellees*.

_____

Appearing for Appellants:     Fredrick P. Stern, Nesconset, N.Y.

Appearing for Appellees:     James P. Clark, Northport, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

      Appellants Jean Mamakos and Citizens for Fair Housing, Inc. (collectively "Mamakos") appeal from the July 20, 2017 judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) granting the motion of Appellees Town of Huntington, Huntington Town Board, Joseph Rose, Department of Public Safety of the Town of Huntington, and Terrance McNally (collectively, the "Town") to dismiss Mamakos' claims with prejudice because they failed to state a claim upon which relief could be granted. *Mamakos v. Town of Huntington*, No. 16-cv-5775, 2017 WL 2861719 (E.D.N.Y. July 5, 2017) ("District Court Decision"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      "We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include "enough facts to state a claim to relief that is plausible on its face" such that the plaintiffs are able to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

      Mamakos has raised a facial and as-applied constitutional challenge to Sections 160-21 through 160-30 of Article III of the Town Code of the Town of Huntington ("Code") that require Mamakos to obtain a permit from the Town before renting her apartments. District Court Decision at *1. To receive a permit, owners must receive certification from the Town, a licensed engineer, or an architect attesting to the fact that the property complies with Town Code and relevant county, state, and federal laws. Code at Section 160-26(D)(2). The Town, engineer, or architect must physically inspect the building and file a report with the Town certifying that the property is compliant. Mamakos alleges that the certification requirement imposes an unconstitutional condition on property owners. Specifically, Mamakos argues that the inspection and certification requirements force property owners to consent to a warrantless search of their property. Mamakos alleges a violation of the Fourth Amendment and the Fourteenth Amendment's Due Process Clause.

      On multiple occasions, New York state courts, district courts in this Circuit, and this Court have upheld permit schemes similar to the one at issue in this case. *See, e.g.*, *Wisoff v. City of Schenectady*, 670 F. App'x 724, 725 (2d Cir. 2016) (summary order) (affirming the lawfulness of an ordinance that "authorizes municipal employees to conduct inspections either with the consent of the owners or, absent consent, pursuant to a search warrant"); *Palmieri v. Town of*

*Babylon*, 277 F. App'x 72, 75 (2d Cir. 2008) (summary order) ("[A]s to plaintiff's Fourth Amendment argument, the subject [ordinance] has already been challenged as violating the constitutional prohibition against warrantless searches and has been declared constitutional on its face by the New York State Court of Appeals."); *Pashcow v. Town of Babylon*, 53 N.Y.2d 687, 688 (1981) ("[I]t cannot be said that the ordinance of the Town of Babylon is unconstitutional on its face, for it does require consent or a warrant for an administrative search except in emergency situations"). In each case, the dispositive factor was whether the ordinance requires either consent or a warrant before a search is conducted. Ordinances that do not provide for the warrant procedure in cases where the owner refuses consent are not permissible because they impose an unconstitutional condition on the owner of the property. *Sokolov v. Village of Freeport*, 52 N.Y.2d 341, 346 (1981) ("A property owner cannot be regarded as having voluntarily given his consent to a search where the price he must pay to enjoy his rights under the Constitution is the effective deprivation of any economic benefit from his rental property."). In *Sokolov*, the New York Court of Appeals explained that the warrant requirement is essential and is not a "hollow" requirement. *Id.* at 348. Rather,

> It has been postulated that, among other things, the warrant requirement may prevent inspections based upon caprice or spite and prevent administrative inspections as a pretext for police investigations; and the use of a warrant may also lead to appropriate restrictions on the place to be searched. The minor and infrequent inconvenience which a warrant requirement may create cannot overshadow the substantial benefits which will result to the individual's dignity and liberty through the preservation of his right to privacy.

*Id*. at 348-49 (footnote and internal citation omitted). In sum, apart from emergency situations, *id*. at 349, administrative searches of properties for the purposes of the issuance of rental permits must be premised on either consent or a warrant.

Mamakos' legal claims are without merit because the relevant portion of the Code explicitly states that apart from emergency situations, nothing in the Code "shall be deemed to authorize the Town to conduct an inspection of any property without the consent of the owner or managing agent, if the dwelling unit or units are unoccupied, and if occupied, upon the consent of the occupant, owner or managing agent of the property in the absence of a warrant duly issued by a court of law." Code at Section 160-26(D)(2). In other words, the Code explicitly provides for inspections only on the basis of consent or a warrant. To the extent Mamakos urges that a warrant could not be obtained where the Town did not have a reasonable cause to suspect a Code violation, thus forcing law-abiding property owners to consent to warrantless searches in order to rent their properties, the argument fails because the Code allows property owners to secure certification from a third-party licensed engineer or architect of their choosing, rather than from any Town official. *See* Code at Section 160-26(D). Mamakos' argument that such third parties are not willing to assume certification responsibilities is unsupported by any plausible allegations of fact. *See Twombly*, 550 U.S. at 570. In sum, there is nothing unconstitutional about the challenged scheme, as this Court, the district courts of this Circuit, and New York state courts have repeatedly held.

We have considered the remainder of Mamakos' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk